UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON G. DAVIS (#461525)

VERSUS                                          CIVIL ACTION

TROY PORET, ET AL                               NUMBER 13-405-JJB-SCR

**RULING**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Troy Poret, Asst. Warden D. Vannoy and an unidentified corrections officer.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.  Specifically, the plaintiff alleged that on January 10, 2012, he slipped and fell after stepping into a puddle of water outside of the shower cell. Plaintiff alleged that prison officials allowed inmates to hang a makeshift shower curtain over the bars of the shower cell which resulted in water collecting outside the cell.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Prescription**

Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Section 1915 allows a district court to dismiss an in forma pauperis suit if satisfied that the action is frivolous or malicious. An in forma pauperis suit is properly dismissed as frivolous if the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law and in fact. *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir. 1986). A section 1915 dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

In an action proceeding under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised by the parties.

2

*Ketzel v. Barnett*, 263 F.3d 163 (5th Cir. 2001);  *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989);  *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Plaintiff signed his complaint on June 20, 2013, and it was filed on June 24, 2013.  Ordinarily, any claim the plaintiff had against these defendants regarding acts which occurred prior to June 20, 2012, have prescribed.

However, the holding in *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999), affects this court's decision.  In *Harris*, the United States Court of Appeal for the Fifth Circuit concluded that the pendency of properly filed Administrative Remedy Procedure ("ARP") proceedings will act to toll the running of the one-year limitations period for prisoners' claims in this state.

Plaintiff alleged that he exhausted available administrative remedies in ARP LSP-2012-0331.  This matter was stayed for a period of 30 days to obtain a certified copy of the administrative record

3

from Department of Corrections officials.

A review of the administrative record[1] showed that the administrative grievance was received by prison officials on February 1, 2012,[2] was accepted into the procedure on February 8, 2012 and was assigned as ARP LSP-2012-0331.[3] Plaintiff complained that on January 10, 2012, he slipped and fell while exiting the shower cell because water was allowed to pool outside of the shower cell.   The ARP was denied at the First Step on April 13, 2012[4] and at the Second Step on June 18, 2012.[5]

ARP LSP-2012-0331 tolled the limitations period between February 1, 2012, the date the plaintiff filed the ARP, and June 18, 2012, the date the ARP was denied at the Second Step of the two step procedure.

From January 10, 2012, the date the incident occurred, until February 1, 2012, the date the plaintiff filed the administrative grievance, 21 days of the limitations period elapsed.   From February 1, 2012, the date the plaintiff filed ARP LSP-2012-0331, until June 18, 2012, the date the ARP was denied at the second step, the limitations period remained tolled.   From June 19, 2012,

---

[1] Record document number 15.

[2] Record document number 5-1, p. 6.

[3] *Id.* at 8.

[4] *Id.* at 2.

[5] *Id.* at 1.

until June 20, 2013, the date the plaintiff signed his complaint, 366 days of the limitations period elapsed.

By the time the plaintiff filed his complaint, 387 days of the limitations period elapsed.  By the time the plaintiff filed his complaint, the claims had already prescribed.

Therefore, the plaintiff's complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, September ___5th___, 2013.

_____

JAMES J.  BRADY
UNITED STATES DISTRICT JUDGE